16 F.3d 408
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Anirudh BOODRAM, Plaintiff-Appellant,
v.
MARYLAND FARMS CONDOMINIUM; Condominium Venture,
Incorporated; Ken Healy; Gail Servetnick; Gary Fullerton;
Cecile Lichtenstein; Mike Mercurio; Loretta Primus;
Josephine Michael; Board of Directors; Defendants-Appellees.
 No. 93-1320.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 8, 1993
Decided Feb. 1, 1994
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-92-549-JFM)
 Adrian Palmer Ifill, Law Office of A. Palmer Ifill, Washington, DC for Appellant.
 William John Hickey, Montedonico, Hamilton & Altman, P.C., Washington, DC for Appellees.
 Thomas C. Mugavero, Montedonico, Hamilton & Altman, P.C., Washington, DC for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL, LUTTIG and MICHAEL, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Anirudh Boodram brought this action against the Maryland Farms Condominium (MFC) and the members of its board of directors, alleging that the condominium association violated the Fair Housing Act, 42 U.S.C. Sec. 3601 et seq., by discriminating against him on the basis of his religion.[1] The district court granted defendants' motion for summary judgment, and Boodram now appeals. Finding no merit in Boodram's arguments, we affirm.
 
 
 2
 Boodram is a Hindu from the West Indies. Since 1989, he has owned a condominium unit within MFC. At some point prior to July 27, 1990, Boodram placed on his balcony what appeared to be a dead plant with red flags, along with a broken chair, rods and a garden hose. After a property inspection, MFC notified Boodram that placing these articles on his balcony violated a condominium bylaw prohibiting the storage of any items on balconies without consent from the association's board of directors. J.A. at 10. Boodram agreed to remove the chair, rods and garden hose, but refused to remove the flags, or even to relocate them so as to be less conspicuous, contending that they constituted a Hindu religious symbol known as a "Jhandee," and that he was compelled by his Hindu faith to keep the Jhandee on his balcony.
 
 
 3
 After a hearing on October 23, 1990, MFC fined Boodram $25.00 for violating its balcony storage prohibition. Boodram nonetheless persisted in refusing to remove the flags, prompting MFC to hold a second hearing on December 11, 1990. MFC reaffirmed its earlier imposition of the $25.00 fine, and notified Boodram that he would be assessed a penalty of $5.00 per day for every day after December 30, 1990, that he continued to refuse to remove the flags from his balcony. Id. at 29. Boodram ignored MFC's warnings, continuing to store the flags on his balcony and refusing to pay any penalties. In February 1991, MFC notified Boodram that his failure to pay the $275.00 in accrued fines and assessments by February 25, 1991, would result in the association pursuing collection procedures against him. Id. at 31. In March 1991, MFC notified Boodram of its intent to file a lien against Boodram's condominium unit should he fail to settle his accrued penalties within thirty days. Id. at 16. Boodram paid these warnings no heed. Finally, in February 1992, MFC's attorneys advised Boodram that the condominium association would initiate foreclosure proceedings on his unit unless they received payment of $1,735.00 (representing accrued assessments and penalties, lien recording and releasing charges, collection costs and attorney's fees) within ten days.
 
 
 4
 MFC's last-resort threat of foreclosure proceedings evidently got Boodram's attention. Rather than settling his account with MFC, however, Boodram responded by threatening MFC with the prospect of a civil suit claiming that MFC's efforts to enforce its balcony storage proscription were a veiled attempt to force him out of the condominium on account of his religion that violated the Fair Housing Act, 42 U.S.C. Sec. 3601 et seq. Boodram ultimately did file this action, seeking not just to enjoin MFC from requiring him to move the Jhandee and collecting the penalties levied against him, but also claiming damages and fees totaling in excess of $775,000.00.
 
 
 5
 Ruling on cross-motions for summary judgment, the district court found that Boodram had acknowledged that he could, in fact, move his Jhandee consistent with the requirements of his faith; that other Hindus have had Jhandees on their property without having incurred any bylaw violations; and that Boodram had failed to proffer any evidence of religious animus on the part of MFC. J.A. at 164-66. Additionally, the district court found that Boodram had failed to submit any admissible evidence that MFC had permitted other tenants to place items of their religious faiths on their balconies. The district court accordingly held that Boodram had failed to make out a prima facie case of discriminatory intent or effect, and granted MFC summary judgment.
 
 
 6
 Having considered the arguments of the parties, we are persuaded by the opinion of the district court. Even assuming Boodram could proceed under the Fair Housing Act, which only prohibits discriminating "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith," 42 U.S.C. Sec. 3604, he has proffered no evidence to sustain such a challenge beyond broad generalizations and conclusory allegations. Boodram has failed to present any evidence whatsoever that MFC's bylaw prohibiting balcony storage, an altogether typical and reasonable attempt by a condominium association to ensure an attractive and uniform appearance, is motivated by discriminatory intent. And Boodram cannot possibly establish any disproportionately adverse effects on Hindus. Given the fact that four other Hindu condominium owners have managed to position their Jhandees without incurring assessments for bylaw violations, it is obvious that the balcony storage regulation does not impede exercise of the Hindu faith in any significant way.[2] Even if it did, Boodram has failed to offer any specific facts demonstrating that other religious groups are not similarly affected. We therefore affirm the district court's judgment for the reasons stated in its opinion. Boodram v. Maryland Farms Condominium, No. CA-92-549-JFM (D. Md. Oct 2, 1992).
 
 AFFIRMED
 
 
 [1]
 Boodram also alleged discrimination on the basis of race and national origin, but his summary judgment and appellate papers only address his claim of religious discrimination
 
 
 [2]
 Boodram alleges that MFC actually requested that he remove the flags from the premises. The record amply illustrates, however, that MFC only requested that Boodram move the flags from the balcony. J.A. at 28-29. Indeed, MFC has expressly represented that its board of directors would even allow Boodram to leave the flags on the balcony if they were placed out of sight. Id. at 72. There is no evidence in the record that Boodram ever sought permission from the association's board of directors, as required by the bylaws, to store his Jhandee on the balcony but out of the sight of passersby, or that he would have been refused such permission